### THE SCOTIA.[1]

#### UNITED STATES v. THE SCOTIA.

*(District Court, E. D. New York. July 3, 1889.)*

1. ADMIRALTY—VIOLATION OF PASSENGER ACT.
   The provisions of section 1 of the passenger act of August 2, 1882, cannot be enforced against the master of a vessel by a civil proceeding in admiralty.
2. SAME—PLEADING.
   In a proceeding against a vessel, under the passenger act of 1882, to recover a penalty for carrying an excess of passengers, it is not necessary, in order to create a liability on the part of the vessel, to allege and prove that in a criminal proceeding instituted under the statute the master has been convicted, and a fine imposed upon him equal to the sum claimed against the vessel.

In Admiralty.

On exceptions to libel against the steam-ship Scotia and her master for carrying excess of passengers.

*M. D. Wilber*, U. S. Atty., for libelant.

*R. D. Benedict*, for the steam-ship.

BENEDICT, J. This case comes before the court upon exceptions to the libel. The libel is plainly defective in that it fails to disclose what statute of the United States is relied upon. This defect may be amended.

--------

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

Treating the libel as if amended by setting up the first and thirteenth sections of the passenger act of August 2, 1882, as the provisions of statute relied upon, there remain the third and fourth exceptions to the libel taken by the master. These exceptions present the question whether the provisions of the first section of the act of 1882 can be enforced against the master of a vessel by a civil proceeding. The present is a civil proceeding in admiralty, and must, of course, be dismissed as to the master if by the statute the acts charged against the master constitute a criminal offense under the statute. On this point it is sufficient to refer to the words of the statute in question, where it is declared that, if the master of the vessel commits the acts here charged, "he shall be guilty of a misdemeanor, and fined fifty dollars for each passenger in excess, and may also be imprisoned not exceeding six months." This language is too precise to permit it to be contended that the statute can be enforced against the master by a civil proceeding like the present. The exceptions of the master to the libel must therefore be allowed, and the libel dismissed as to him.

It remains to be determined, upon the exceptions taken by the owners, whether the libel can be maintained as against the vessel. The libel being taken to aver a carriage by the steam-ship Scotia of 29 passengers in excess of the number allowed to be carried by the first section of the act of 1882, and also to aver that by virtue of the thirteenth section of the act a lien attached to the ship for an amount equal to $50 for each of said passengers, to-wit, the sum of $1,450, the objection is raised by the claimants' exceptions that the libel is fatally defective, because it omits to set forth that the master of the steam-ship has been tried and convicted for the carrying of such passengers, and in such criminal proceeding fined in the sum of $1,450. While it must be admitted that the language employed in framing the thirteenth section of the act is poorly adapted to carry into effect the design indicated, still I incline to the opinion that it can be held sufficient for that purpose. Looking at the theory upon which the act of 1882 is framed, each section of the act may be taken as a statute by itself. In this instance the libel is to be taken as framed under the first section, by which section a definite fine of $50 for each passenger in excess is required to be imposed by the court on the master upon his being convicted of having done the acts forbidden. This provision is supplemented by the provision in the thirteenth section, a provision applicable to all the sections of the statute, where it is provided "that the amount of the several fines and penalties imposed by any section of this act upon the master of any steam-ship * * * for any violation of the provisions of this act shall be liens upon such vessel, and such vessel may be libeled therefor in any circuit or district court of the United States where such vessel shall arrive or depart." Upon this language it has been argued that the statute requires allegation and proof of a conviction of the master in a criminal proceeding and the imposition upon him of a fine equal to the sum claimed to create a liability on the part of the vessel. But it will be observed that the statute does not speak of

fines imposed by the court. The words are, "imposed by any section of this act." The intent of the statute is to create a lien upon the vessel for the amount of any fine permitted by any section of the act to be imposed upon the master in case of his conviction in a criminal proceeding. If this be not the true construction, the result would follow that all that would be necessary to charge the vessel herself would be to aver and prove the conviction and sentence of the master. A conviction of the master might be had upon the master's plea of guilty in a proceeding to which the owners would be no party, and under the construction contended for by the owners would render the owners of the ship, through their vessel, liable to a fine without any opportunity on their part to contest the facts. In view of such a result, I think the statute must be construed as permitting the vessel herself to be proceeded against in admiralty as if personally responsible, and subject to be fined upon proof of acts done by her master which are forbidden by the statute, and permit him to be fined when the proceeding is against him. Upon amendment of the libel, as suggested, within 10 days, the exceptions to the libel in behalf of the claimants will be overruled; otherwise they are allowed.